Filing # 59864996 E-Filed 08/02/2017 03:58:43 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY FLORIDA
CIVIL DIVISION

ANDRE JONES,

                    Plaintiff,

v.

ALCLEAR, LLC d/b/a CLEAR

                    Defendant.

_____/

TIME: _12/am__
DATE: _8/14/17_
SERVER: _WK__
ID #: _249__

CASE NO.:  2017-CA-006770-O

**S U M M O N S**
THE STATE OF FLORIDA:
TO ALL AND SINGULAR SHERIFFS OF SAID STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint in the above styled
cause upon the Registered Agent for **ALCLEAR LLC d/b/a CLEAR**

**Registered Agent :**
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

        The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney,
whose name and address is:

                    MARC R. EDELMAN, ESQ.
                    Morgan & Morgan, P.A.
                    201 N. Franklin Street, #700
                    Tampa, FL 33602
                    813-577-4722

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file
the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney
or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for
the relief demanded in the Complaint.

                    **Tiffany Moore Russell**

                    Clerk of the Court Justin Greene
                    2017.08.04 07:33:07 -04'00'
                    _____
(SEAL)              Deputy Clerk

                    Civil Division
                    425 N. Orange Avenue
                    Room 310
                    Orlando, Florida 32801

**EXHIBIT**
**B**

Filing # 59471782 E-Filed 07/25/2017 12:42:38 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
### IN AND FOR ORANGE COUNTY FLORIDA
### CIVIL DIVISION

ANDRE JONES,

          **Plaintiff,**

v.

ALCLEAR, LLC d/b/a CLEAR           **CASE NO.:**

          **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDRE JONES, (hereinafter "Jones" or "Plaintiff"), by and through the undersigned counsel, sues Defendant ALCLEAR, LLC, (hereinafter "Defendant") and in support thereof alleges:

### INTRODUCTION

1.     Alclear LLC d/b/a CLEAR ("Defendant") is a private company providing pre-check screening services to airports throughout the United States, including Orlando International Airport.

2.     Defendant has direct control over whether passengers passing through their security lines are "screened" to government standards. In today's climate, Defendant plays a key role in airplane security.

3.     The Transportation Security Administration ("TSA") dictates the standards for passenger screening, including the policies and procedures Defendant must follow to ensure terrorists do not get onto airplanes.

4.     In this case, Defendant disregarded its legal and ethical duty to the American

public by blatantly disregarding TSA's security directives.

5.     Jones reported security breaches to the highest levels of Defendant's management and cooperated in a TSA investigation into Defendant's practices. Defendant ignored Jones' pleas for compliance and disregarded TSA's directives, jeopardizing security at Orlando International Airport ("MCO"), one of America's largest airports.

6.     Plaintiff brings this lawsuit to hold Defendant accountable for its unlawful conduct.

## JURISDICTION AND VENUE

7.     This is an action pursuant to the Florida Private Whistleblower's Act, Section 448.102, Florida Statutes, for damages exceeding Fifteen Thousand Dollars ($15,000) exclusive of attorneys' fees and costs.

8.     Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

9.     All violations alleged in the Complaint occurred in Orange County, Florida.

10.    Plaintiff is a citizen of the State of Florida and was employed in Orange County, Florida.

11.    Defendant, a for profit company, operating in Orange County, Florida providing pre-screening services that allow passengers to use Defendant's security lines to board airplanes.

12.    Defendant touts itself as being able to help its customers, i.e. airline passengers, "beat the line" for airport security.

13.    Defendant charges its customers a monthly fee, for which customers can "travel on your time knowing that waiting in security lines is a thing of the past."

14.    The TSA dictates security procedures and protocol. Pursuant to 49 C.F.R. § 1542,

private companies must submit an Airport Security Program ("ASP") to TSA, abide by the ASP and follow TSA directives related thereto.

15.     Jones was hired in October 2014 as the General Manager overseeing Defendant's operations at the Orlando International Airport. As General Manager, Jones was tasked with ensuring Defendant's passenger verification and ASP complied with TSA and MCO regulations, policies and procedures.

16.     By all accounts, Jones was successful in his role. He received strong performance reviews, exceeded the goals that were set for him and received multiple bonuses.

17.     Shortly after assuming the General Manager's role, Jones observed employees violating security protocol, thereby permitting unauthorized passengers through Defendant's security checkpoints. Jones reported his observations and concerns to his superiors, including Defendant's officers.

18.     Throughout the duration of his employment, Jones attempted to enforce compliance with TSA's requirements, both with his subordinates and with Defendant's upper management. Jones frequently met resistance at every level.

19.     TSA repeatedly observed Defendant's employees violating security procedures, permitting unauthorized passengers through the CLEAR security lines. When TSA informed Jones of the violations, Jones reported the incidents to Defendant's upper management. In many cases, Defendant's officers discounted or disregarded TSA's instructions.

20.     As part of the security process, Defendant's employees scan passengers' boarding passes. If the result is green, the passenger has "cleared" and is permitted to proceed. If the result is red, the passenger is not authorized to proceed through Defendant's security line since they are "unverified." In such cases, Defendant's employees are required to escort the passenger

to the TSA station for further processing.1

21.     On March 23-24, 2015 Mr. Parker Bellaire, TSA Assistant Federal Security Director for Inspections, observed Defendant's employees performing manual overrides, permitting unverified passengers to proceed through Defendant's security line instead of escorting the passengers to the TSA verification station.  Mr. Bellaire and Mr. Ken LNU, an MCO Security Officer, instructed Jones to cease the manual overrides.

22.     Jones informed Defendant's Chairman and CEO, Caryn Seidman-Becker and Mr. Matthew Levine, General Counsel and Privacy Officer, of the incidents and the directives issued by Mr. Bellaire and Mr. Ken LNU.

23.     Seidman-Becker and Levine ordered Jones to disregard the TSA and MCO directives and continue the practice of manual overrides.

24.     On or about March 26, 2015 Mr. Bellaire observed that Defendant's employees were continuing to perform manual overrides even though he had instructed them to cease the practice.  That day, Mr. Bellaire questioned Jones.  Jones acknowledged their previous conversation but had been instructed by Defendant's corporate officers to continue processing manual overrides.

25.     Consequently, TSA opened an investigation into Defendant's violations of the ASP.

26.     In a letter dated March 27, 2015 letter to Defendant, Bellaire wrote:

> On March 26, 2015, at approximately 0530 hours, a TSA TDC observed AlClear personnel processing passengers whose RT verification resulted in [redacted] at the RT verification station.  TSA questioned your General Manager who confirmed that AlClear personnel were continuing to process passengers whose RT verification process resulted in [redacted].  [Jones] informed TSA, that

---

1 Up until March 14, 2015 there was a process in place allowing Defendant's employees to "override" a red reading. However, a March 14, 2015 amendment to the security plan prohibited overrides and required Defendant's employees to escort the passenger to TSA.

although he was aware of the ASP requirements to modify or cease RT operations when directed by the airport operator or TSA, he followed the direction of Alclear's corporate office to continue processing [redacted].

27.     Subsequently, Jones received a phone call from Seidman-Becker expressing her displeasure with the contents of the March 27, 2015 letter, specifically the reference to Jones' statement that he was following orders from the corporate office.

28.     After Jones blew the whistle on Seidmann-Becker and Levine, Defendant launched a plan to terminate Jones.

29.     In April, May and June 2015, Jones exceeded all performance expectations. However, on July 28, 2015, despite record setting performance in the same month, Defendant terminated Jones' employment. No reason was provided.

**COUNT I**
**RETALIATION IN VIOLATION OF SECTION 448.102**
**FLORIDA PRIVATE WHISTLEBLOWER ACT**

30.     Plaintiff re-alleges paragraphs 1 to 29 as fully set forth herein.

31.     Plaintiff held a good faith belief Defendant was violating a law, rule or regulation.

32.     Plaintiff objected to Defendant's unlawful conduct.

33.     Plaintiff participated in TSA's investigation into Defendant's violations of 49 U.S.C. § 1542, disclosing to TSA the unlawful directives issued by Defendant's executives.

34.     After Plaintiff objected to the unlawful conduct, Defendant retaliated against Plaintiff by terminating his employment.

35.     The decision to terminate Plaintiff was causally linked to Plaintiff's objection to Defendant's unlawful conduct.

WHEREFORE, Plaintiff, ANDRE JONES, prays for the following damages against ALCLEAR, LLC:

a.    Back pay and benefits;

b.    Interest on backpay;

c.    Front pay and/or lost earning capacity;

d.    Compensatory damages;

e.    Costs and attorney's fees;

f.    For such other relief as the Court deems equitable.

**JURY TRIAL DEMAND**

PLAINTIFF hereby demands a jury trial for all issues.


Dated: July 25, 2017


MORGAN & MORGAN, P.A.

/s/ Marc R. Edelman
MARC R. EDELMAN, ESQ.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
Email: Medelman@forthepeople.com
*Attorney for Plaintiff*

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY FLORIDA**
**CIVIL DIVISION**

ANDRE JONES,

           **Plaintiff,**

v.

AL,CLEAR, LLC d/b/a CLEAR            **CASE NO.;**

           **Defendant.**

_____/

### PLAINTIFF'S FIRST REQUEST TO PRODUCE

Plaintiff, ANDRE JONES, by and through his undersigned attorney, requests the Defendant, ALCLEAR LLC d/b/a, CLEAR to produce the following documents for Plaintiff's inspection and/or copying, within forty-five (45) days after the date of service hereof, at the law offices of MORGAN & MORGAN, 201 N. Franklin Street, Suite 700, Tampa Florida 33602.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1.     The terms "you," "your," or "Defendant," as used herein, shall mean Defendant, ALCLEAR LLC d/b/a, CLEAR and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

2.     The term "person," or "persons," as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3.     The term "Plaintiff," as used herein, shall mean Plaintiff, ANDRE JONES.

4.     The term "document," or "documents," as used herein, shall mean the original, or a copy of any kind, of written, typewritten, printed, or recorded material whatsoever, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, information retrievable from computers, pictures, drawings, photographs or other graphic representations, and any other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.     The term "Complaint," as used herein, shall mean the Complaint filed in this action.

6.     The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes, but is not limited to, applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiff's records.

7.     If any document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privilege or other protection:

    a.     The identity of the person(s) who prepared the document, who signed the document, and over whose name it was sent or issued;

2

b.     The identity of the person(s) to whom the document was directed;

c.     The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document;

d.     The date of the document;

e.     The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof;

f.     The identity of each person to whom a copy of the document was furnished;

g.     The number of pages of the document;

h.     The basis on which any privilege or other protection is claimed;

i.     Whether any non-privileged or non-protected matter is included in the document.

### DOCUMENTS REQUESTED

1.     Plaintiff's entire personnel file or any other documents relating to Plaintiff or his employment with Defendant, including but not limited to the terms and conditions of Plaintiff's employment with Defendant, his position, duties, responsibilities, salary, bonuses, health insurance benefits, life insurance benefits, and retirement benefits, and all documents which Plaintiff may have used or signed as part of his employment with Defendant.

2.     All documents relating to Plaintiff's performance as an employee for the year preceding his termination.

3.     All documents relating to the reasons for Plaintiff's termination/separation.

4.     Any disciplinary memos or write ups of Plaintiff (if not contained within his personnel file).

5.     All employee handbooks or policy manuals in effect during Plaintiff's employment.

6.     Any and all emails or other electronic correspondence transmitted from or received by Defendant related to Plaintiff's termination.

3

7.  Any and all all emails sent from Plaintiff to Defendant's management regarding Defendant's employees failing to follow security requirements.

8.  Any and all emails or other electronic correspondence transmitted from or received by Defendant related to Plaintiff's replacement at Orlando International Airport.

9.  Any and all emails or other electronic correspondence transmitted from or received by Defendant related to Plaintiff's role in the March 2015 TSA investigation at Orlando International Airport.

10. Any and all notes, memoranda, letters or other document, electronic or otherwise, either received by or sent by officers, agents or employees of Defendant in which Plaintiff was named or referenced for any reason during his employment.

11. Any and all notes, memoranda, letters or other document, electronic or otherwise, either received by or sent by Matthew Levine or Karen Seidman in which Plaintiff was named or referenced for any reason during his employment.

12. Any and all company record retention policy documents.

13. Any and all insurance policies which may provide coverage for any of the claims raised in the Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July 2017, a true and correct copy of the foregoing has been furnished via process server to the Registered Agent for ALCLEAR LLC: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301

MORGAN & MORGAN, P.A.

*/s/ Marc Edelman*
Marc R. Edelman, Esq.
Florida Bar No.: 0096342
Morgan & Morgan, P.A.
201 N. Franklin Street, #700
Tampa, FL 33602
T: 813-223-5505
F: 813-257-0572
Medelman@forthepeople.com
Attorney for Plaintiff

4

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY FLORIDA
CIVIL DIVISION

ANDRE JONES,

                **Plaintiff,**

v.

ALCLEAR, LLC d/b/a CLEAR           **CASE NO.:**

          **Defendant.**

_____/

**PLAINTIFF'S NOTICE OF SERVING FIRST SET OF
INTERROGATORIES TO DEFENDANT**

Plaintiff, ANDRE JONES, by and through his undersigned attorneys gives Notice of Service of Plaintiff's First Set of Interrogatories propounded to Defendant, ALCLEAR d/b/a CLEAR (hereinafter, Defendant) to be answered within forty-five (45) days of service hereof.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of July 2017, a true and correct copy of the foregoing has been furnished via process server to the Registered Agent for ALCLEAR LLC: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301

                    MORGAN & MORGAN, P.A.

                    /s/ Marc R. Edelman
                    Marc R. Edelman, Esq.
                    Fla. Bar No. 0096342
                    Morgan & Morgan, P.A.
                    201 N. Franklin Street, #700
                    Tampa, FL 33602
                    Telephone 813-223-5505
                    Fax: 813-257-0572
                    Email: MEdelman@forthepeople.com
                    **Attorney for Plaintiff**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY FLORIDA
CIVIL DIVISION

ANDRE JONES,

        Plaintiff,

v.

                                        CASE NO.:

ALCLEAR, LLC d/b/a CLEAR

        Defendant.

_____/

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT

### DEFINITIONS

The following apply to these interrogatories.

(A)    "Plaintiff" refers to ANDRE JONES, Plaintiff in this action.

(B)    "Defendant" refers to ALCLEAR d/b/a CLEAR its officers, directors, shareholders, agents, employees, representatives and all other persons acting or purporting to act on its behalf.

(C)    Your answers to the following interrogatories shall reflect and contain the knowledge of all persons referenced in "A" through "B" hereof who are presently acting in the referenced capacity.

(D)    The term "document" or "documents" mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries, memoranda or telephone or persona conversations, memoranda of meetings or conferences, studies, reports, interoffice and intraoffice communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other

evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any was not completely identical to a copy which is being produced should also be produced.

(E) To "identify" a document shall mean to state with respect thereto:

1. The identity of the person who prepared it;

2. The identity of the person who signed it or in whose name it was issued;

3. The identity of each person to whom it was addressed or distributed;

4. The nature or substance of the document with sufficient particularity to enable to be identified;

5. Its date, and if it bears no date, the date when it was prepared;

6. The physical location of the document and the custodian or custodians thereof.

(F) The term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

(G) To "identify" a person with reference to a natural person, means to give his or her name, his or her last known address, and if employed, the name and address of his or her employer and his or her job title or position. To identify a person who is not an individual, means to state the name and principal office of such person.

(H) The term "communication" refers to any transmission or transfer of information of any kind, orally, in writing, electronically (including, but not limited to, emails, text messaging, instant messaging, social media or similar methods or electronic communication) or in any other manner at any time or place, and under any circumstances whatsoever.

(I) To "identify" an oral communication of equivalent language means to state with respect thereto:

1. The identification of each person who participated in the oral communication and each person who was present at the time it was made;

2. The date and place where such oral communication was made or took place;

3. Whether the communication was made by face-to-face contact between the persons, by telephone or other means;

4. The content and substance of what each person said; and

5. The identification of each document pertaining to each such oral communication.

(J)   As used herein, "state" means:

1. To describe specifically all circumstances, events and conversations related to the subject matter of inquiry, including the date, place and names and addresses of those persons present;

2. To list all witnesses having knowledge of the subject matter of inquiry, including the name, present address, position and relation to Plaintiff or Defendant, for each witness; and

3. To list all documents relating to the subject matter of inquiry or in lieu thereof to attach copies of all such documents.


## INTERROGATORIES

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1. Identify all persons who prepared or furnished information used in formulating the answers to these interrogatories, their sources of information, and all documents and writings upon which they relied in formulating such answers and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

**ANSWER:**


2. Please identify all means and methods of internal communication (including, but not limited to, memoranda, email, instant messaging, text messaging, social networking, etc.) utilized by all employees of Defendant from March 13, 2015 to present.

**ANSWER:**

3.    Please list the names and last known addresses and phone numbers (if no longer employed by Defendant) of all persons who supervised Plaintiff, in any capacity at any time during Plaintiff's employment.

      **ANSWER:**

4.    Did you ever receive any complaints regarding Plaintiff's job performance? If the answer is yes, include the name of complainant, date and basis of complaint and any investigation or discipline that resulted.

      **ANSWER:**

5.    Identify (as that term is defined above) all persons who participated in the decision to terminate Plaintiff's employment with Defendant.

      **ANSWER:**

6.    Please list each and every reason it was decided to terminate Plaintiff's employment with Defendant.

      **ANSWER:**

7.  Please provide the name(s), title(s) and current or last known address(es), if no longer employed by Defendant, of all persons who assisted in providing Defendant with information that was used in Defendant's decision to terminate Plaintiff's employment and provide with specificity the information that was provided by each such person.

    **ANSWER:**

8.  Identify all person(s), title(s) and current or last known address(es), if no longer employed by Defendant, whom Defendant believes have or may have knowledge concerning the subject matter of this action, the facts or allegations set forth in Plaintiff's Complaint, or the defenses stated in Defendant's Answer, and describe and state with particularity and in detail the knowledge each such person is believed to possess.

    **ANSWER**

9.  If you allege that Plaintiff was terminated for violation of company policy, please identify any other employee of Defendant who has engaged in substantially similar misconduct and state whether such employee was terminated or disciplined.

    **ANSWER:**

10. Identify all documents which Defendant contends are relevant to the subject matter of this action.

    **ANSWER**

## VERIFICATION

**ALCLEAR LLC**

By: _____

Affiant's Signature

Printed Name: _____

Title: _____

STATE OF _____

CITY/COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared _____, as

_____ of ALCLEAR LLC who is authorized to act on behalf of the

company, who, upon being first duly sworn, deposes and says that he or she has read the

foregoing Answers to Interrogatories and the same are true and correct to the best of his or her

knowledge and belief.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2017.

_____

NOTARY

_____

Name of Notary, typed, printed or stamped

My Commission Expires: