Filing # 59471782 E-Filed 07/25/2017 12:42:38 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY FLORIDA
CIVIL DIVISION

ANDRE JONES,

        Plaintiff,

v.

                                CASE NO.:

ALCLEAR, LLC d/b/a CLEAR

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDRE JONES, (hereinafter "Jones" or "Plaintiff"), by and through the undersigned counsel, sues Defendant ALCLEAR, LLC, (hereinafter "Defendant") and in support thereof alleges:

## INTRODUCTION

1. Alclear LLC d/b/a CLEAR ("Defendant") is a private company providing pre-check screening services to airports throughout the United States, including Orlando International Airport.

2. Defendant has direct control over whether passengers passing through their security lines are "screened" to government standards. In today's climate, Defendant plays a key role in airplane security.

3. The Transportation Security Administration ("TSA") dictates the standards for passenger screening, including the policies and procedures Defendant must follow to ensure terrorists do not get onto airplanes.

4. In this case, Defendant disregarded its legal and ethical duty to the American

public by blatantly disregarding TSA's security directives.

5. Jones reported security breaches to the highest levels of Defendant's management and cooperated in a TSA investigation into Defendant's practices. Defendant ignored Jones' pleas for compliance and disregarded TSA's directives, jeopardizing security at Orlando International Airport ("MCO"), one of America's largest airports.

6. Plaintiff brings this lawsuit to hold Defendant accountable for its unlawful conduct.

## JURISDICTION AND VENUE

7. This is an action pursuant to the Florida Private Whistleblower's Act, Section 448.102, Florida Statutes, for damages exceeding Fifteen Thousand Dollars ($15,000) exclusive of attorneys' fees and costs.

8. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

9. All violations alleged in the Complaint occurred in Orange County, Florida.

10. Plaintiff is a citizen of the State of Florida and was employed in Orange County, Florida.

11. Defendant, a for profit company, operating in Orange County, Florida providing pre-screening services that allow passengers to use Defendant's security lines to board airplanes.

12. Defendant touts itself as being able to help its customers, i.e. airline passengers, "beat the line" for airport security.

13. Defendant charges its customers a monthly fee, for which customers can "travel on your time knowing that waiting in security lines is a thing of the past."

14. The TSA dictates security procedures and protocol. Pursuant to 49 C.F.R. § 1542,

private companies must submit an Airport Security Program ("ASP") to TSA, abide by the ASP and follow TSA directives related thereto.

15. Jones was hired in October 2014 as the General Manager overseeing Defendant's operations at the Orlando International Airport. As General Manager, Jones was tasked with ensuring Defendant's passenger verification and ASP complied with TSA and MCO regulations, policies and procedures.

16. By all accounts, Jones was successful in his role. He received strong performance reviews, exceeded the goals that were set for him and received multiple bonuses.

17. Shortly after assuming the General Manager's role, Jones observed employees violating security protocol, thereby permitting unauthorized passengers through Defendant's security checkpoints. Jones reported his observations and concerns to his superiors, including Defendant's officers.

18. Throughout the duration of his employment, Jones attempted to enforce compliance with TSA's requirements, both with his subordinates and with Defendant's upper management. Jones frequently met resistance at every level.

19. TSA repeatedly observed Defendant's employees violating security procedures, permitting unauthorized passengers through the CLEAR security lines. When TSA informed Jones of the violations, Jones reported the incidents to Defendant's upper management. In many cases, Defendant's officers discounted or disregarded TSA's instructions.

20. As part of the security process, Defendant's employees scan passengers' boarding passes. If the result is green, the passenger has "cleared" and is permitted to proceed. If the result is red, the passenger is not authorized to proceed through Defendant's security line since they are "unverified." In such cases, Defendant's employees are required to escort the passenger

to the TSA station for further processing.[1]

21. On March 23-24, 2015 Mr. Parker Bellaire, TSA Assistant Federal Security Director for Inspections, observed Defendant's employees performing manual overrides, permitting unverified passengers to proceed through Defendant's security line instead of escorting the passengers to the TSA verification station. Mr. Bellaire and Mr. Ken LNU, an MCO Security Officer, instructed Jones to cease the manual overrides.

22. Jones informed Defendant's Chairman and CEO, Caryn Seidman-Becker and Mr. Matthew Levine, General Counsel and Privacy Officer, of the incidents and the directives issued by Mr. Bellaire and Mr. Ken LNU.

23. Seidman-Becker and Levine ordered Jones to disregard the TSA and MCO directives and continue the practice of manual overrides.

24. On or about March 26, 2015 Mr. Bellaire observed that Defendant's employees were continuing to perform manual overrides even though he had instructed them to cease the practice. That day, Mr. Bellaire questioned Jones. Jones acknowledged their previous conversation but had been instructed by Defendant's corporate officers to continue processing manual overrides.

25. Consequently, TSA opened an investigation into Defendant's violations of the ASP.

26. In a letter dated March 27, 2015 letter to Defendant, Bellaire wrote:

> On March 26, 2015, at approximately 0530 hours, a TSA TDC observed Alclear personnel processing passengers whose RT verification resulted in [redacted] at the RT verification station. TSA questioned your General Manager who confirmed that Alclear personnel were continuing to process passengers whose RT verification process resulted in [redacted]. [Jones] informed TSA, that

---

[1] Up until March 14, 2015 there was a process in place allowing Defendant's employees to "override" a red reading. However, a March 14, 2015 amendment to the security plan prohibited overrides and required Defendant's employees to escort the passenger to TSA.

although he was aware of the ASP requirements to modify or cease RT operations when directed by the airport operator or TSA, he followed the direction of Alclear's corporate office to continue processing [redacted].

27. Subsequently, Jones received a phone call from Seidman-Becker expressing her displeasure with the contents of the March 27, 2015 letter, specifically the reference to Jones' statement that he was following orders from the corporate office.

28. After Jones blew the whistle on Seidmann-Becker and Levine, Defendant launched a plan to terminate Jones.

29. In April, May and June 2015, Jones exceeded all performance expectations. However, on July 28, 2015, despite record setting performance in the same month, Defendant terminated Jones' employment. No reason was provided.

<u>COUNT I</u>
<u>RETALIATION IN VIOLATION OF SECTION 448.102</u>
<u>FLORIDA PRIVATE WHISTLEBLOWER ACT</u>

30. Plaintiff re-alleges paragraphs 1 to 29 as fully set forth herein.

31. Plaintiff held a good faith belief Defendant was violating a law, rule or regulation.

32. Plaintiff objected to Defendant's unlawful conduct.

33. Plaintiff participated in TSA's investigation into Defendant's violations of 49 U.S.C. § 1542, disclosing to TSA the unlawful directives issued by Defendant's executives.

34. After Plaintiff objected to the unlawful conduct, Defendant retaliated against Plaintiff by terminating his employment.

35. The decision to terminate Plaintiff was causally linked to Plaintiff's objection to Defendant's unlawful conduct.

WHEREFORE, Plaintiff, ANDRE JONES, prays for the following damages against ALCLEAR, LLC:

    a.    Back pay and benefits;

    b.    Interest on backpay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Costs and attorney's fees;

    f.    For such other relief as the Court deems equitable.

## JURY TRIAL DEMAND

PLAINTIFF hereby demands a jury trial for all issues.

Dated: July 25, 2017

        MORGAN & MORGAN, P.A.

        /s/ Marc R. Edelman
        MARC R. EDELMAN, ESQ.
        Fla. Bar No. 0096342
        Morgan & Morgan, P.A.
        201 N. Franklin Street, #700
        Tampa, FL 33602
        Telephone 813-223-5505
        Fax:  813-257-0572
        Email: Medelman@forthepeople.com
        *Attorney for Plaintiff*