UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDRE JONES,

    Plaintiff,

v.                                      Case No: 6:17-cv-1625-Orl-41TBS

ALCLEAR, LLC,

    Defendant.

## ORDER TO SHOW CAUSE

    The case comes before the Court on review of the Complaint (Doc. 2) and the Notice of Removal (Doc. 1). Plaintiff, alleged to be a citizen of Florida, sues Alclear LLC, alleged to be "a for profit company, operating in Orange County, Florida." (Doc. 2, ¶¶10-11). Plaintiff claims that Defendant violated the Florida Private Whistleblower's Act, § 448.102, Florida Statutes. (Id., ¶ 7). Defendant removed the case to this Court.

    Removal to federal court is governed by 28 U.S.C. § 1441(a), which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are to be strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir.

1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

As the party seeking federal jurisdiction, the burden is on Defendant to establish diversity jurisdiction as of the date of removal. <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir.2010). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and must present facts establishing its right to remove. <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. <u>Williams,</u> 269 F.3d at 1321.

Defendant alleges that removal is appropriate under the Court's diversity jurisdiction (Doc. 1). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. <u>See Owen Equip. and Recreation Co. v. Kroger</u>, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Residence and citizenship are not the same thing. <u>See</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. <u>Miss. Band of Choctaw Indians v. Holyfield,</u> 490 U.S. 30, 48 (1989); <u>see</u> <u>also</u> <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (domicile requires both residence in a state and "an intention to remain there indefinitely...." <u>Id.</u> at 1258) (internal

quotation marks omitted). For diversity purposes, a limited liability company is "a citizen of any state of which a member of the company is a citizen." <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint alleges that Alclear is a company operating in Florida. The allegations of the Complaint, therefore, do not establish a basis for diversity jurisdiction. The Notice of Removal asserts that "Clear is a foreign limited liability corporation that is incorporated in the State of Delaware and has its principal place of business in the State of New York." (Doc. 1, ¶13). As Defendant is a limited liability company, however, its citizenship is not dependent upon where it is formed or conducts business. The Notice fails to provide the citizenship of each and every member of the limited liability company, as required. Absent this information, no basis for jurisdiction is shown.

Accordingly, Defendant is **ORDERED** to show cause by September 29, 2017, why this case should not be dismissed for lack of subject matter jurisdiction. The response must set forth the citizenship of each and every member of the limited liability company. Failure to respond to this order within the time required or failure to establish that diversity jurisdiction exists may result in remand, without further notice.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record